McCALL & WIFE
*vs*
VALLANDINGHAM
&c.

---

# McCall and wife *vs* Vallandingham &c.

ERROR TO THE CLARKE CIRCUIT.

*Wills.   Jurisdiction of Probates of Wills.*

JUDGE SIMPSON delivered the opinion of the Court.

A WRITING purporting to be the last will and testament of James Vallandingham, deceased, was admitted to record, on probate, in the Fayette county court; his place of residence having been in that county at the time of his death.

This suit in chancery was brought in Clarke County, where some of the heirs, who were made defendants resided, to contest the validity of the will.  A plea to the jurisdiction having been filed, and demurred to, was adjudged good by the court below, and the Bill dismissed for want of jurisdiction.

The question to be considered is, whether the jurisdiction of the chancellor, like that of the county court is local and confined to the place of probate, or is transitory and attaches to any county where any of the parties interested may be found and served with process.

By the statute concerning Wills—(2 *Stat. Law* 154,) the county in which the probate shall be made is pointed out, and it is provided, that upon a will being produced, probate thereof shall be immediately had, but if in seven years after such probate, any one interested shall *appear*

CHANCERY.

*Case* 102.

*June* 25.

Case stated and decision of Circuit Court.

A bill in chancery to contest the validity of a will which has been proved and admitted to record in the County Court, most be

McCALL & WIFE
*vs*
VALLANDINGHAM
&c.

filed in the Circuit Court of the same county where it was proved—(Not in conflict with *Sneed* vs *Ewing and wife,* (5 J. J. *Marsh.*) where testator died in Indiana and copy of will recorded in Kentucky.—REP.

he may contest the validity of such will by bill in chancery.

Our statute of Wills was copied from a Virginia Statute of 1785—at the time of the passage of the Virginia Statute, the county courts in that state, had chancery as well as common law jurisdiction, and the Bill to contest the validity of the will was filed in the same court in which probate thereof had been previously granted. This jurisdiction of the county court, explains the language used in the section of the statute on the subject. The person interested if he *appeared* within seven years might contest the validity of the will. His *appearance* was in the same court, and made by exhibiting his bill in chancery calling in question the validity of the will, *there* admitted to probate. It was in effect a mere continuation of the proceedings in probate in the same court.

Since the separation from Virginia, the county courts in this state, have not had any chancery jurisdiction, it having been transferred first to the courts of quarter sessions, and ultimately to the circuit courts. A bill in chancery would not therefore be filed in the same court, in which probate of the will was made, to impeach its validity; but it is believed that the uniform practice has been to exhibit a bill for that purpose in the circuit court of the same county in which the probate was granted.

By the statute, the jurisdiction of probate is local, and the 10th Sec. points out the county in which the probate shall be made. The statute is silent in relation to the Court of Chancery, that shall have jurisdiction of the matter but every reason, deducible from convenience or propriety, requiring the jurisdiction to be local in the one case, would seem to apply with as much cogency to the other.

Looking therefor to the origin and history of the present mode of the probate of wills in this State, and of contesting their validity afterwards by bill in chancery; considering the cotemporaneous construction of the statute, as evidenced, by a uniform and undeviating course of practice in similar cases, and the object in view, in making the jurisdiction of probate local, we are

lead irrisistibly to the conclusion that this jurisdiction of the Court of Chancery under the Statute is also local, and confined to the county in which probate of the will has been made.

We have been referred to the case of *Sneed* vs. *Ewing and wife* (5 *J. J. Marshall* 460,) as an authority, that the jurisdiction of the Circuit Court, in suits contesting the validity of a will, is transitory and not local. In that case the testator had resided in Indiana at the time of his death, and probate of his will had been made in that State. The testator having estate in Kentucky, and a copy of his will having been recorded here under the act of 1820, a suit in chancery was instituted in the Jefferson Circuit Court, where some of the property and parties interested were at the time, setting up and relying upon a revocation of the will. This Court decided that the right to seek a decree as to the validity of the will, was not local to Indiana but was incidental to the property and parties in this State. The decision, its chief object being to show that the Courts in this State had jurisdiction, has no application to the case under consideration, it was based upon the peculiar circumstances of that case, and does not sustain the proposition contended for.

We are therefore of opinion, that the jurisdiction in this case belongs to the Fayette, and not to the Clarke Circuit Court.

Wherefore the decree dismissing the Bill for want of jurisdiction is affirmed.

*Turner* for Plaintiff; *Robinson & Johnson* for Defendants.